In the Matter of ALVIN J. KLUGERMAN (Admitted as ALVIN JOSEPH KLUGERMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 20, 1993

**APPEARANCES OF COUNSEL**

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in New York under the name Alvin Joseph Klugerman by the Appellate Division, Second Department, on March 29, 1961, and he maintained an office for the practice of law in the First Department during the period relevant to this proceeding.

In 1986, respondent was retained to represent Dun-Rite Services, Inc. with respect to several collection matters. After having received four checks in amounts ranging from $500 to $2,005, which were referable to four different collection matters, respondent deposited those checks into his regular office account instead of an escrow or special account, in violation of DR 9-102 (A) of the Code of Professional Responsibility. By failing promptly to notify Dun-Rite of the receipt of those funds, by failing to maintain complete records of Dun-Rite's funds in his possession, and by failing promptly to pay those funds to Dun-Rite, respondent violated DR 9-102 (B) (1), (2), (3) and (4). Moreover, by allowing his bank account balance to fall below the sum of the amounts held on behalf of Dun-Rite, respondent was technically guilty of conversion in violation of DR 1-102 (A) (6), since renumbered as DR 1-102 (A) (7), in that his conduct adversely reflected on his fitness to practice law, even though a Hearing Panel of the Departmental Disciplinary Committee found that respondent acted without venal intent.

In mitigation, the Panel found that there was some valid basis for disagreement between respondent and his client with respect to the amount of monies actually due each party, and that a civil suit between respondent and his client was resolved by payment of all the disputed funds to the client. In addition to finding an absence of venal intent, the Panel also considered in mitigation respondent's previously unblemished record in the course of 32 years of practice, his genuine contrition, and considerable civil and *pro bono* activities. In light of these mitigating circumstances the Panel recommended a two-year suspension, which respondent has not opposed on the instant motion to confirm and approve the Panel's report and recommendation.

The report should be confirmed to the extent indicated above, and disaffirmed solely to the extent that it was concluded that respondent's actions violated DR 1-102 (A) (4), which we have held should be reserved for fraudulent conduct

*(Matter of Altomerianos,* 160 AD2d 96, 102; *Matter of Altschuler,* 139 AD2d 311). Respondent should be suspended from the practice of law for a period of two years.

SULLIVAN, J. P., CARRO, WALLACH, ASCH and RUBIN, JJ., concur.

Application is granted and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, for a period of two years, effective May 20, 1993, and until the further order of this Court.