238

[650 NYS2d 146]

In the Matter of DARRYL M. SEMPLE (Admitted as DARRYL MARTIN SEMPLE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 26, 1996

APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

OPINION OF THE COURT

Per Curiam.

The respondent, Darryl M. Semple, was admitted to the

practice of law in the State of New York by the Second Judicial Department on June 1, 1983, as Darryl Martin Semple. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

On or about May 23, 1995, respondent was served with a notice and statement of charges, and a Hearing Panel convened on August 8 and September 22, 1995 to hear testimony, receive evidence relating to the charges and to recommend an appropriate sanction.

The Hearing Panel found, in accordance with the prehearing stipulation and the respondent's testimony at the mitigation phase of the hearing, that in connection with his firm's special account, respondent failed to safeguard $9,145 in client funds held in escrow against improper disbursement and, thus, neglected the legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30). The Hearing Panel also found that the respondent permitted the commingling by his partners of business funds with client funds or other funds held in trust, in violation of DR 9-102 (A) (22 NYCRR 1200.46); failed to maintain complete records of funds held in escrow for his clients and render an accounting to them, in violation of DR 9-102 (C) (3); failed to return the money held in escrow pursuant to the terms of a written agreement, in violation of DR 9-102 (C) (4); failed to keep any records of the escrow account, as well as records concerning the special account, and failed to maintain the required bookkeeping records for seven years in violation of DR 9-102 (D) (1), (2), (4), (6) and (8); and failed to make appropriate arrangements upon the dissolution of respondent's firm for the maintenance by one of the partners of the required bookkeeping records and to make such records available to the Committee, in violation of DR 9-102 (G) and (H). The Hearing Panel also found that the respondent neglected to pursue the unrelated representation of another client in a personal injury action, in violation of DR 6-101 (A) (3).

In mitigation, the Hearing Panel found the respondent's testimony candid and remorseful. It noted that although respondent was clearly naïve and careless in his dealings with his partners, he did not attempt to make excuses for his behavior. Additionally, respondent was cooperative with the Committee and made restitution to his clients.

Given the serious nature of the respondent's actions, with consideration for the fact that they resulted from his careless-

ness, rather than venal intent, a sanction of suspension from the practice of law for two years, as recommended by the Hearing Panel, is justified (*see, Matter of Weiss*, 205 AD2d 249; *Matter of Klugerman*, 189 AD2d 284; *Matter of Altomerianos*, 160 AD2d 96).

Accordingly, the Committee's motion to confirm the Hearing Panel's report should be granted and the recommended sanction of a two-year suspension from the practice of law, until further order of this Court, should be imposed.

ROSENBERGER, J. P., WALLACH, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Application granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years, effective December 26, 1996, and until the further order of this Court.