[704 NYS2d 547]

In the Matter of ELIEZER A. COHEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 18, 2000

**APPEARANCES OF COUNSEL**

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Eliezer A. Cohen was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on June 23, 1982. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

By a notice and statement of charges dated April 24, 1998, respondent was charged with violating Code of Professional Responsibility DR 1-102 (a) (4) and (8) (now [7]); DR 5-105 (b); DR 6-101 (a) (3); DR 7-101 (a) (1); DR 9-102 (b) (1); (c) (3) and (4); (d) (1), (2), (4), (6) and (8); (e) (22 NYCRR 1200.3, 1200.24, 1200.30, 1200.32, 1200.46) by, *inter alia*, converting funds entrusted to him as an escrow agent, failing to keep bookkeeping records for his attorney escrow account, failing to promptly deliver to a third person funds which said third person was entitled to receive, making numerous withdrawals to cash from his escrow account, lying under oath to the Committee and representing clients with adverse interests. By his answer dated May 19, 1998, respondent denied the charges.

A hearing before a Referee, requiring 10 sessions, was conducted between December 1, 1998 and April 15, 1999. The Referee issued a report and recommendation in two parts. In the first part dated January 27, 1999, the Referee made findings of facts and conclusions of law with respect to the charges. The Referee sustained six charges and a portion of a seventh, dismissing the remaining five charges.

The Referee found that respondent violated DR 9-102 (b) (1). As there is no dispute that respondent used the escrow account for personal or other business transactions, client funds were not therefore separately maintained, as required by the Disciplinary Rule. With reference to Charge One, while the Referee found that respondent's conduct did not violate DR 1-102 (a) (4), he noted that such conduct "was reprehensible, and it fell far short of the standards demanded of attorneys." However, in Charge Two, the Referee found that respondent breached his fiduciary duty by releasing money for purposes other than those expressly stated in the escrow agreement, in violation of DR 1-102 (a) (7). The Referee dismissed Charges Three and Four. Charge Five was sustained, as respondent violated DR 9-102 (c) (4) by failing to promptly return funds pursuant to agreement. Charge Eight was dismissed, and Charges Six, Seven and Nine were sustained in that respondent kept no ledgers for this escrow account indicating the source of deposits, the purpose of checks issued or the running balance. He further wrote 13 checks to cash from his escrow account and presigned at least six checks in blank, entrusting them to his wife, who inserted the dollar amount and name of

the payee, all in violation of DR 9-102 (c) (3); (d) (1), (2) and (8); (e).

Charges Ten through Twelve concern respondent's representation of a client in foreclosure proceedings. As to Charge Ten, the Referee found that respondent represented conflicting interests in the proceedings without disclosing the multiple representation to his client and without obtaining her consent in contravention of DR 5-105 (b) and (c). Charges Eleven and Twelve were not sustained. Despite cataloging multiple violations of the disciplinary rules, the Referee recommended a suspension of only six months, maintaining that such a suspension would be sufficient to protect the public interest.

A Hearing Panel heard oral argument on June 16, 1999 and thereafter recommended that this Court sustain the Referee's findings and recommendations with regard to the charges. However, the Panel disaffirmed the Referee's recommendation with respect to the sanction, recommending a suspension of four years.

The Departmental Disciplinary Committee has brought a petition pursuant to 22 NYCRR 605.15 (e) for an order confirming the Hearing Panel's determination as to the Referee's report and recommendation. Respondent has cross-moved for an order disaffirming the Hearing's Panel's determination insofar as it recommended a four-year suspension and requests that the Referee's recommendation of a six-month suspension be confirmed. In his cross motion, respondent argues that a short suspension is appropriate in view of the lack of dishonesty or venality. Neither party asserts objections to the Referee's findings of fact and conclusions of law with respect to the charges, as adopted by the Hearing Panel.

The Committee asserts that where an attorney makes improper withdrawals from his escrow account without venal intent but otherwise exhibits a disdain for his fiduciary responsibility, the appropriate sanction is a suspension ranging from two to five years, depending on the nature of the mitigating circumstances. The Committee asserts that there are no mitigating circumstances. They point to the fact that the conversion resulted from respondent's gross negligence in handling his escrow account.

The Committee contends that respondent's record-keeping practice went beyond the "inadequate" standard decried in *Matter of Pelsinger* (190 AD2d 158); it was nonexistent. Moreover, respondent does not have an unblemished record. In 1995, he was formally admonished for abusing the legal system by

advancing a baseless claim on behalf of his client. The Committee asserts that respondent has not expressed genuine remorse; that his entire case was predicated upon the fact that he did nothing wrong other than failing to keep proper bookkeeping records; that there is misconduct in addition to respondent's conversion since the Referee sustained the charge that respondent engaged in an impermissible conflict of interest; and that respondent's breach of fiduciary duty resulted in significant loss of funds, but respondent has not attempted to make restitution.

The petition of the Committee and respondent's cross motion should be granted to the extent of confirming the Hearing Panel's determination, which confirmed the Referee's findings of fact and conclusions of law. With respect to the sanction to be imposed, the petition and cross motion should be denied. As found by the Referee, respondent engaged in "gross" carelessness and his conduct was "reprehensible." He has not made restitution and has breached his fiduciary duty as an escrow agent, resulting in a considerable loss of funds. He has engaged in a conflict of interest. His misconduct is aggravated in that, in 1995, he was formally admonished for abusing the legal system by advancing a baseless claim on behalf of a client.

Accordingly, respondent should be suspended from the practice of law for a period of five years and until further order of this Court.

SULLIVAN, J. P., NARDELLI, ELLERIN, LERNER and RUBIN, JJ., concur.

Petition and cross motion granted to extent of confirming the determination of the Hearing Panel insofar as it confirmed the findings of fact and conclusions of law of the Referee and denied as to the recommended sanction of suspension and respondent suspended from practice of law in the State of New York for a period of five years, effective February 17, 2000, and until the further order of this Court.