[730 NYS2d 498]

In the Matter of DAVID B. TEPPER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 27, 2001

#### APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent David B. Tepper was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on March 30, 1977. At all times relevant to this proceeding, respondent has maintained an office for the practice of law alternately within the First and Second Judicial Departments.

The various charges leading to this disciplinary matter all arise from either respondent's inadequate bookkeeping in connection with his escrow account, other bookkeeping irregularities, or his commingling of escrow funds without, however, any venal intent or result. Respondent was served with a notice and statement of charges on or about June 19, 2000, and an amended notice and statement of charges dated September 20, 2000, which alleged that respondent had engaged in the nonvenal conversion of client funds when he used one client's funds in his IOLA account for the benefit of another client in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46); that he failed to deposit client funds in an attorney escrow account in violation of DR 9-102 (b) (1); that he commingled his personal funds with client funds in violation of DR 9-102 (a) and (b) (1); that he wrote checks payable to cash in violation of DR 9-102 (e); and that he failed to maintain the required bookkeeping records of his escrow account in violation of DR 9-102 (d) (1), (2) and (8). By answer dated September 21, 2000, respondent admitted most of the factual allegations. A Referee was appointed by this Court and conducted a hearing on September 27, 2000, after which the Referee sustained all charges and accepted testimony regarding the appropriate sanction. In mitigation, respondent testified to his family problems as an explanation for depositing personal funds, consisting largely of his inheritance from his father, in the escrow account in order to shield and protect those funds, and his ignorance of bookkeeping requirements as an explanation for his accounting transgressions and the improper use of funds held in escrow. Respondent also called three character witnesses. Although the Referee found that the character witnesses had provided "comparatively strong proof of respondent's integrity as a lawyer and competence in their common field of law," and that there was no evidence of venality and no losses were suffered by any of the parties affected by respondent's actions, nevertheless respondent also demonstrated flagrant irresponsibility in his bookkeeping and check writing. The Referee recommended, as a sanction, a two-year suspension from the practice of law. A Hearing Panel convened and heard argument. In its March 23, 2001 report, the Panel

unanimously adopted the Referee's report and recommendation, noting also that on at least two occasions respondent failed to deposit client funds into the escrow account. The Panel, though rejecting respondent's excuse that he was ignorant of the rules governing escrow accounts, also found the absence of venality and fraud, that respondent's remorse was genuine, that no client suffered any harm, that respondent had no prior disciplinary history and that he had cooperated with the Committee. The Panel also noted that but for respondent's mitigation and character evidence, the appropriate sanction would have been more severe.

The Departmental Disciplinary Committee now seeks an order confirming the findings of fact and conclusions of law of the Referee and Hearing Panel and imposing a two-year suspension. By cross motion dated July 13, 2001, respondent seeks an order confirming in part and disaffirming in part. The latter relief is premised on purported factual omissions and inaccuracies, claims we reject on our reading of the record. Respondent also requests that, if suspension is imposed, he be allowed to apply for reinstatement before expiration of the period of suspension.

In view of the clear record evidence, including respondent's own admissions in this regard, we grant the motion to confirm. Moreover, we also find the sanction to be appropriate in such a case of escrow account bookkeeping irregularities and careless and nonvenal invasions of client funds for personal or business uses (*Matter of Semple*, 225 AD2d 238; *Matter of Quesada*, 196 AD2d 324). The cross motion should be denied.

WILLIAMS, J. P., TOM, MAZZARELLI, LERNER and SAXE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective October 26, 2001, and until the further order of this Court. Cross motion denied.