[762 NYS2d 367]

In the Matter of CHIN W. FONG (Admitted as CHIN WEI FONG), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 24, 2003

### APPEARANCES OF COUNSEL

*Jun Hwa Lee* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Richard M. Maltz* of counsel (*Benjamin Brotman & Maltz, LLP),* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Chin W. Fong, was admitted to the practice of

law in the State of New York by the First Judicial Department on July 26, 1993 as Chin Wei Fong. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee has moved for an order, pursuant to 22 NYCRR 605.15 (e), to suspend respondent from the practice of law for no less than 18 months based upon a referee report of May 30, 2002, which sustained seven charges against respondent, namely: misappropriating client funds in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46), writing checks payable to cash in violation of DR 9-102 (e), failing to maintain appropriate escrow records in violation of DR 9-102 (d) (1) and (2), neglecting a legal matter in violation of DR 6-101 (a) (3) (22 NYCRR 1200.30), prejudicing a client in violation of DR 7-101 (a) (3) (22 NYCRR 1200.32), and engaging in conduct adversely reflecting on his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3).

In reaching his findings and conclusions, the Referee held a hearing on the allegations of misconduct, received evidence in mitigation and granted respondent leave to reargue the charge which was ultimately dismissed. The Referee found that respondent: (1) had written two checks to cash from his IOLA account which he negotiated; (2) when representing a seller, had paid his own fee by withdrawing funds deposited into an IOLA account to hold in escrow as a real estate purchaser's down payment before the closing; (3) had caused a check to another client from the IOLA account to be returned for insufficient funds; and (4) had failed to appear at a scheduled INS hearing for a client on his application for political asylum, had failed to obtain a change of venue on that hearing, and failed to perfect a motion or an appeal to reopen the in absentia deportation order entered against his client. In concluding that respondent should be suspended, the Referee weighed aggravating and mitigating factors including respondent's lack of remorse, absence of financial loss to any client and good standing in the community. A Hearing Panel rejected the Referee's conclusion that any aggravating factors existed and stressed several mitigating factors including lack of a prior disciplinary record, cooperation with the Committee in its investigation, respondent's limited experience in real estate closings and his reimbursement of his legal fee as well as other disputed payments and the character evidence, including respondent's

extensive pro bono work throughout his career. The Hearing Panel further disputed whether respondent had shown remorse or shame, finding the former in his ready and extensive cooperation with the Committee and the latter in his failure to tell his family and friends about the disciplinary charges against him. Finally, the Hearing Panel found that respondent had not engaged in a pattern of misconduct but, instead, had made one "mistake" with his escrow account and neglected one matter after handling hundreds, without apparent complaint, over a 10-year career. The Hearing Panel recommended a public censure relying upon what it perceived as a lenient "totality of circumstances" test which emphasizes the importance of mitigating factors to justify the use of public censure as a remedy for misconduct (*see Matter of Lenoir*, 287 AD2d 243 [2001]; *Matter of Lubell*, 285 AD2d 267 [2001]).

Since neither the Committee nor respondent challenge the findings of the Referee and there is sufficient record evidence to support the seven charges, we confirm those findings. The only issue before us is whether the appropriate sanction for respondent's acts of misconduct is censure or suspension. Where there has been a careless and nonvenal invasion of client funds for personal or business use, as in respondent's case, this Court has generally imposed a suspension (*Matter of Semple*, 225 AD2d 238 [1996]; *Matter of Quesada*, 196 AD2d 324 [1994]; *Matter of Klugerman*, 189 AD2d 284 [1993]; *Matter of Altomerianos*, 160 AD2d 96 [1990]). Respondent's misconduct is markedly similar to that found warranting suspension in *Matter of Tepper* (286 AD2d 79 [2001]) where the attorney engaged in nonvenal conversion of clients' funds, failed to deposit funds into escrow, commingled personal funds with client funds, wrote checks to cash and failed to maintain required bookkeeping. Respondent had a duty to properly maintain his IOLA escrow account and to understand his obligations with respect to his client's funds and the buyer's down payment, as well as to not write checks to cash and to maintain required bookkeeping. Furthermore, respondent's numerous acts of misconduct with respect to the IOLA account are not alone; he undertook to provide representation to a foreign national facing deportation and twice defaulted, on the deportation hearing and on a motion to reopen. Respondent's misconduct has been serious and repeated (*see Matter of Hubbert*, 290 AD2d 122 [2002]; *Matter of LeBow*, 285 AD2d 28 [2001]; *Matter of Segal*, 190 AD2d 295 [1993]). While we find an ample basis upon which to suspend respondent, we also believe that a balancing

of the aggravating and mitigating factors warrants a lesser suspension. In light of the considerable evidence in mitigation, including respondent's regular pro bono work on behalf of four community organizations, the absence of venal motive, and the limited nature and extent of the escrow violations, we find that respondent should be suspended for three months (*see Matter of Burton*, 200 AD2d 324 [1994]; *Matter of Weingrad*, 196 AD2d 300 [1994], *lv denied* 83 NY2d 756 [1994], *cert denied* 513 US 877 [1994]).

Accordingly, the Committee's motion should be granted to the extent of confirming the fact-findings of the Referee and confirming a suspension of respondent's license to practice law but only for a period of three months. Respondent's cross motion should be denied.

BUCKLEY, P.J., MAZZARELLI, ANDRIAS, SAXE and FRIEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective the date hereof and until further order of this Court. Cross motion denied.