OPINION OF THE COURT
Per Curiam.
Respondent Chin Wei Fong was admitted to the practice of law in the State of New York by the First Judicial Department on July 26, 1993. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
Previously, by order entered June 24, 2003, this Court suspended respondent for a period of three months for, inter alia, nonvenal conversion of client funds, writing checks payable to cash, failing to maintain proper escrow records, and neglect of a legal matter (Matter of Fong, 308 AD2d 19 [2003]). Subsequently, respondent submitted a sworn affidavit that he had complied with all the requirements of the suspension order, including that he had not practiced law or held himself out as a lawyer during his suspension, and this Court reinstated him by order entered October 30, 2003 (Matter of Fong, 309 AD2d 724 [2003]).
Three years after respondent’s reinstatement, the Departmental Disciplinary Committee for the First Judicial Department filed disciplinary charges alleging that respondent had: (1) misrepresented to other attorneys that he was able to perform legal services, and did in fact perform legal work, during his suspension; (2) held himself out as able to perform legal services, and provided legal services, in contravention of this Court’s June 24, 2003 suspension order; (3) engaged in illegal conduct by holding himself out as capable of performing legal services; (4) misrepresented to this Court in his affidavit in support of his reinstatement application that he had not accepted legal work during his suspension; and (5) engaged in conduct prejudicial to the administration of justice by falsely swearing that he had not accepted a new case or retainer immediately before or after the order of suspension.
A hearing was held before a Referee, who recommended that all the charges be sustained and that a two-year suspension be imposed. Following argument, a Hearing Panel sustained the five charges, but recommended a suspension of five years. Shortly thereafter, respondent submitted an affidavit of resignation.
The Departmental Disciplinary Committee now asks this Court to accept respondent’s resignation from the practice of *138 law and to strike his name from the roll of attorneys pursuant to 22 NYCRR 603.11. Respondent asserts in his affidavit of resignation, sworn to on July 28, 2008, that his resignation is voluntary and free from coercion or duress, he is aware that there is a pending disciplinary proceeding against him where all of the charges have been sustained by a Hearing Panel (see 22 NYCRR 603.11 [a] [l]-[3]), and he is fully aware of the implications of submitting his resignation. Furthermore, he specifically acknowledges that he cannot successfully defend himself against the Committee’s disciplinary charges, and notes that he has been represented by counsel throughout the proceedings.
Accordingly, pursuant to 22 NYCRR 603.11, the Committee’s motion should be granted, respondent’s resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to July 28, 2008.
Mazzarelli, J.P, Andelas, Saxe, Friedman and Buckley, JJ., concur.
Respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 28, 2008.