OPINION OF THE COURT
Per Curiam.
Respondent Samuel Racer was admitted to the practice of law in the State of New York by the Second Judicial Department on January 24, 1978. At all times relevant to this proceeding, respondent has maintained an office for the practice law in the First Judicial Department.
The Departmental Disciplinary Committee served respondent with a notice and statement of charges containing six disciplinary charges concerning respondent’s inadequate bookkeeping in connection with his escrow account and his failure to fully cooperate with the Committee’s investigation. Accordingly, respondent was charged with violating Code of Professional Responsibility DR 1-102 (a) (5) and (7) and DR 9-102 (a), (b), (d) and (e) (22 NYCRR 1200.3, 1200.46). Notably, while respondent was charged with misappropriation of client funds, that concerned his use of one client’s funds for the benefit of another client or third party, and not for his own personal use. Thus, respondent was not charged with intentional conversion of client funds.
By his answer, respondent denied the charges but admitted that he wrote checks payable to cash and used a debit card to withdraw funds from his escrow account. Thereafter, the parties entered into a prehearing stipulation in which respondent admitted to much of the conduct charged.
A hearing was thereafter conducted before a Referee who, in his report and recommendation, sustained count one, finding that respondent misappropriated client funds by disbursing funds from his escrow account to third parties in violation of DR 9-102 (a). Count two was sustained upon a finding that respondent failed to preserve the identity of client funds when he used funds belonging to one client to pay other clients and third parties in violation of DR 9-102 (b). Count three was sustained upon a finding that respondent failed to maintain proper bookkeeping records with respect to his escrow account in violation of DR 9-102 (d). Since respondent stipulated he had written four checks on his escrow account payable to “cash” in violation of DR 9-102 (e), the Referee sustained that part of count four. However, with regard to the additional allegations in count four that respondent improperly used his debit card to make nominal withdrawals, the Referee did not sustain that allega *127 tion since he believed respondent’s explanation that he used the debit card by mistake and immediately remedied it by redepositing the funds into his escrow account. The Referee sustained count five upon a finding that respondent failed to fully cooperate with the Committee’s investigation in violation of DR 1-102 (a) (5). Finally, the Referee sustained count six upon a finding that respondent engaged in conduct that adversely reflected upon his fitness to practice law in violation of DR 1-102 (a) (7). As to a sanction, the Referee recommended that, in view of the scarcity of mitigating factors, respondent be suspended for four years.
A Hearing Panel then heard oral argument and received further written submissions in which the Committee urged the panel to confirm the Referee’s findings. Respondent argued that a “suspended suspension” for an indeterminate period of time during which his conduct would be independently monitored was appropriate. By a determination dated April 21, 2008, the Panel saw no reason to upset the Referee’s findings as to liability, since respondent admitted that the six charges brought by the Committee were established. With regard to the appropriate sanction, the Panel concurred in the Referee’s recommendation of a four-year suspension.
The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) confirming the Hearing Panel’s determination that confirmed the Referee’s report and recommendation, and suspending respondent from the practice of law for a period of four years. Respondent has submitted an answer seeking an order disaffirming the Hearing Panel’s determination insofar as it recommends a four-year suspension and again requests a stayed suspension, with conditions, or, in the alternative, a suspension not to exceed two years.
While this Court has generally imposed a two-year suspension where an attorney has failed to keep appropriate escrow records resulting in nonintentional misappropriation of funds (see e.g. Matter of Levy, 307 AD2d 47 [2003] [three-year suspension]; Matter of Tepper, 286 AD2d 79 [2001] [two-year suspension]; Matter of Quesada, 196 AD2d 324 [1994] [two-year suspension]; Matter of Charles, 258 AD2d 60 [1999] [18-month suspension]), the Committee argues that a four-year suspension is warranted because this case involves a pervasive, reckless mishandling of an escrow account over several years. Indeed because of respondent’s mishandling of his account, the Committee avers that to this day it is impossible to determine the fate of the *128 funds entrusted to him during 2003-2006 and whether they were used for their proper purpose. Moreover, there are virtually no mitigating circumstances, respondent does not have an unblemished record and, although he did stipulate to some of the misconduct, he engaged in an extended delay in providing the Committee with information pertinent to his escrow account. Finally, the Committee contends that the case most similar to the instant one is Matter of Cohen (264 AD2d 94, 96 [2000]), where the respondent had a disciplinary history and his “non existent” escrow records and improper withdrawals from the account resulted in a five-year suspension. The main difference between Cohen and the instant matter is that Cohen also involved a demonstrated loss of funds for which he did not make restitution, however, Cohen did not involve a charge of failure to cooperate.
Respondent avers in mitigation that he is remorseful for his nonvenal conduct; has taken steps to correct his bookkeeping deficiencies; caused no harm to any client or third party; was not personally enriched by the mismanagement of his escrow account; contributes support to his elderly parents and his two emancipated daughters; serves a discrete community of Polish and Russian immigrants; has ailments which have affected his memory and concentration; and has cooperated with the Committee to the best of his ability.
Respondent does not challenge the Referee’s findings of fact and conclusions of law with respect to the charges, as adopted by the Hearing Panel, and accordingly, all six charges should be sustained.
With respect to the appropriate sanction, while much of the precedent from this Court for nonvenal conversion is a two-year suspension, the case at bar warrants a longer suspension (see e.g. Matter of Cohen, supra). As the Committee argues, this is not a case of mere sloppy bookkeeping or incomplete records. On the contrary, it involves three years of complete noncompliance with the most basic bookkeeping requirements of DR 9-102, including the failure to preserve the identity of a client’s funds and the nonexistence of proper records which continuously placed client funds in danger of being depleted, regardless of the fact that the parties were ultimately repaid. Indeed, although there was no evidence that any client lost money as a result of respondent’s conduct, the records that we do have indicated that respondent continuously “robbed Peter to pay Paul.” The fact that respondent, an experienced attorney, *129 maintained an escrow account that processed several million dollars and hundreds of transactions per year without keeping all of the supporting documentation such as checkbooks, bank statements or duplicate deposit slips, and did not keep a ledger or similar record that would contain accurate entries of all financial transactions pertaining to his escrow account, is grossly irresponsible and unprofessional.
Furthermore, respondent’s cooperation with the Committee was wanting. While he finally identified the payees for the checks written from 2003-2006, he did not do so until nearly a year after the Committee’s initial request. Although he claims “impossibility” regarding his inability to identify no more than 5 of the 112 deposits made during that time period, in reply, the Committee asserts that during the Referee’s hearing, for the first time during the Committee’s proceedings, respondent testified that he recorded his escrow transactions in his checkbooks, listing all deposits and “[o]n each transaction [he] would put down how much money went out together with the checks as they were written.” Yet at no time did respondent produce these checkbooks or the records for a second escrow account which he occasionally used in his law practice.
Respondent’s claims of remorse and reforms in his bookkeeping practices were never questioned since he declined to testify at the mitigation hearing. As an aggravating factor, respondent was formally admonished in 1995 for similar misconduct. The fact that no client has complained of not receiving funds does not render respondent’s conduct “harmless.” Finally, the impact of a four-year suspension on respondent’s law practice and family is inherent in any suspension.
Accordingly, the petition of the Committee should be granted, the findings of fact and conclusions of law confirmed, and respondent suspended from the practice of law for a period of four years, and until further order of this Court.
Lippman, EJ., Andrias, Friedman, Renwick and DeGrasse, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of four years, effective November 20, 2008, and until further order of this Court.