[991 NYS2d 422]

In the Matter of Arthur J. Teichberg (Admitted as Arthur Jay Teichberg), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, August 21, 2014

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jeremy S. Garber* of counsel), for petitioner.

*McDonough & McDonough, LLP* (*Chris McDonough* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Arthur J. Teichberg was admitted to the practice of law in the State of New York by the First Judicial Department on June 23, 1959, under the name Arthur Jay Teichberg. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

In 2012, the Departmental Disciplinary Committee (the Committee) filed 19 charges against respondent, alleging several violations of the Disciplinary Rules.* The Referee sustained five of the charges, and recommended a one-year suspension due to the mitigating factors discussed below. A Hearing Panel (the Panel) subsequently modified the Referee's liability findings and sustained 15 of the 19 charges. In general, the Panel found that respondent failed to withdraw and improperly held himself out as his client's counsel in collection efforts after being discharged, improperly claimed an attorney's lien over his client's files, charged an excessive legal fee, and misappropriated his client's funds and failed to preserve funds in escrow. The Panel also modified the Referee's proposed sanction and recommended that respondent be suspended from the practice of law for two years.

The Committee now seeks an order, pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 603.4

---

* Specifically, respondent was charged with violating the Code of Professional Responsibility DR 1-102 (a) (4) (conduct involving dishonesty, fraud, deceit, or misrepresentation) and (7) (conduct adversely reflecting on fitness as a lawyer) (22 NYCRR 1200.3 [a] [4], [7]); DR 2-106 (a) (excessive fee) (22 NYCRR 1200.11 [a]); DR 2-110 (a) (2) (failure to return client property prior to withdrawal) and (b) (4) (failure to withdraw after discharge) (22 NYCRR 1200.15 [a] [2]; [b] [4]); DR 6-101 (a) (3) (neglect) (22 NYCRR 1200.30 [a] [3]) and DR 9-102 (a) (commingling and misappropriation), (b) (failure to segregate client funds from personal and business funds) and (c) (4) (failure to return client property) (22 NYCRR 1200.46 [a], [b], [c] [4]). Since the misconduct at issue occurred prior to April 1, 2009, respondent was charged under the former Disciplinary Rules.

(d), confirming in part and disaffirming in part the Panel's liability findings, and confirming the Panel's recommendation of a two-year suspension. Respondent does not specifically request any modification to the Panel's liability findings; he merely takes issue with the findings to the extent of offering explanations for his conduct. Respondent requests that this Court impose no greater sanction than a public censure. Because the Panel's liability findings are amply supported by the record, we affirm those findings in their entirety. The only remaining issue, therefore, is the appropriate sanction to be imposed.

While we acknowledge the impropriety of respondent's conduct, his behavior is mitigated by several factors that warrant a lesser sanction than what the Panel recommends. To be sure, this Court has suspended attorneys for periods significantly longer than six months where the respondents' conduct did not evince venal intent (*see e.g. Matter of Salo*, 77 AD3d 30 [1st Dept 2010] [one-year suspension for, inter alia, nonvenal misappropriation of client funds where mitigation included posttraumatic stress disorder and depression]; *Matter of Weingrad*, 196 AD2d 300 [1st Dept 1994], *lv denied* 83 NY2d 756 [1994], *cert denied* 513 US 877 [1994] [one-year suspension for, inter alia, commingling and nonvenal misappropriation where mitigation included significant pro bono and public interest work]; *Matter of Klugerman*, 189 AD2d 284 [1st Dept 1993] [two-year suspension for misappropriation of client funds where mitigation included a valid basis of disagreement over monies owed, 32 years of practice without disciplinary record, and pro bono activities]). However, there exist several reasons to impose only a six-month suspension in the instant case.

First, we agree with the Panel that, while respondent's conduct of holding himself out as his client's counsel after he was discharged involved misrepresentation, there was insufficient evidence to conclude that he acted with venal intent. Rather, respondent acted under the mistaken belief that the discharge was conditional and that he maintained a valid lien on the client's property for unpaid attorney's fees and, in turn, was entitled to continue representing the client while he held its files. In addition, the Committee did *not* assert that respondent had intentionally converted funds. Instead, he withdrew the funds from his escrow account based on an erroneous but genuinely held belief that he was entitled to those funds under quantum meruit. In addition, unlike the respondent in *Klugerman*—a case that the Panel analogized in large part to

the instant case—respondent notified his client that he received funds on its behalf and initially deposited those funds in his escrow account rather than an office account (*see* 189 AD2d at 285). Thus, although respondent's conduct was improper, his lack of venal intent mitigates the sanction to be dispensed.

Second, respondent is now 80 years old and has engaged in the practice of law for 55 years. Prior to the events that led to these proceedings, respondent had been practicing law for 48 years with an unblemished record, and he has been practicing for the seven years since. Other than the current charges, we are aware of no other complaints filed against him. Moreover, respondent has never been arrested, has no criminal history, and served in the military.

Third, in light of respondent's advanced age, a lengthy suspension would be tantamount to disbarment. A suspension of greater than six months would likely render him unable to rebuild his practice, which would cause an injustice as respondent is unlikely to engage in future misconduct. In addition, he is responsible for supporting himself, his wife of more than 45 years who is significantly younger than him, and his two daughters and their families who are experiencing financial difficulties. His conduct appears to be an aberration, and although he deserves to be sanctioned, we would not seek an end to his otherwise unblemished legal career.

Accordingly, we grant the Committee's motion to the extent of affirming the majority of the Hearing Panel's liability findings, deny the branch of the motion that seeks to disaffirm the Hearing Panel's dismissal of certain charges, and deny the motion to the extent it seeks a two-year suspension. Respondent is suspended from the practice of law for six months effective 30 days from the date hereof, and until further order of this Court.

ACOSTA, J.P., RENWICK, ANDRIAS, SAXE and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective September 22, 2014 and until further order of this Court.