Matter of Spinnell (2020 NY Slip Op 04373)





Matter of Spinnell


2020 NY Slip Op 04373


Decided on July 30, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 30, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Sallie Manzanet-Daniels,Justice Presiding,
Judith J. Gische
Angela M. Mazzarelli
Jeffrey K. Oing
Lizbeth González, Justices.


&em;

[*1]In the Matter of Andrew J. Spinnell (admitted as Andrew Joseph Spinnell), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Andrew J. Spinnell, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Andrew J. Spinnell, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 25, 1983.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.
Motion Nos. 221, 1104 — April 6, 2020 CM-1104


PER CURIAM


Respondent Andrew J. Spinnell was admitted to the practice of law in the State of New York by the Third Judicial Department on January 25, 1983, under the name Andrew Joseph Spinnell. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.
In 2015, the Attorney Grievance Committee (AGC) commenced a
sua sponte investigation after it received two notices from the
Lawyers' Fund for Client Protection that two checks issued from
respondent's IOLA account were dishonored due to insufficient
funds.
In 2018, the AGC served respondent with a Notice of
Statement of Charges setting forth 45 charges and alleging that he, inter alia, "converted and/or misappropriated client funds" in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4(c) and/or rule 1.15(a). Respondent admitted many of the material facts alleged, including having commingled funds and improperly entering into a loan transaction with a client, but denied having committed intentional conversion.
By unpublished order entered September 24, 2018, this Court sustained charges 41, 43, and 44 based on respondent's admissions and appointed a referee to conduct a hearing on the remaining charges and to recommend such disciplinary sanction as might be appropriate.
By report dated December 21, 2019, the Referee sustained 42
of the 43 remaining charges. As to the charges alleging that
respondent "converted and/or misappropriated client funds in
violation of Rule 8.4(c) and/or 1.15(a)," the Referee sustained
them insofar as finding that respondent committed nonvenal
misappropriation in violation of rule 1.15(a). As to sanction,
the Referee recommended that respondent be suspended for two
years.
Now, the AGC seeks an order, pursuant to the Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8(b) and 603.8-a(t), confirming the Referee's liability findings in full and suspending respondent for no less than two years.
By a cross motion, respondent, pro se, opposes the AGC's motion and requests that the Referee's sanction recommendation of a two-year suspension be disaffirmed and this Court impose a public censure.
The Referee's liability findings sustaining 42 out of 43 charges should be affirmed in full because they are firmly supported by the record and, as noted, neither party is challenging them.
A suspension is warranted given that respondent's misappropriation of funds involved at least 10 client matters; his commingling was extensive in that he deposited approximately $100,000 in personal funds into his IOLA account during the period at issue; he engaged in dishonesty toward the AGC with respect to one matter by misrepresenting that his client had signed a retainer agreement and in another matter by submitting a false closing statement; he filed closing statements with OCA in which he misrepresented his compensation and/or expenses; he falsely affirmed in his attorney registration statements that he was in compliance with rule 1.15; and he made an undocumented $300 loan to a client which invaded other client monies. In addition, respondent has two prior admonitions (2003, 1999).
While respondent's age (74-years-old) is arguably a mitigating factor, it is not sufficient to altogether avoid a suspension (see Matter of Teichberg, 121 AD3d 319 [1st Dept 2014]), nor are the adverse financial consequences therefrom for respondent and his family as they are "inherent in any suspension" (Matter of Racer, 56 AD3d 125, 129 [1st Dept 2008]; Matter of Leavitt, 291 AD2d 37, 39 [1st Dept 2002] ["the fact that an extended suspension would work a hardship on respondent's family, clients and practice is inherent in any suspension imposed by this Court"]).
We recognize, however, that respondent has fully cooperated with the AGC, shown remorse, and that his wife can only work part-time due to chronic medical issues. Under the circumstances, a one-year suspension is an appropriate sanction (see Matter of Salo, 77 AD3d 30 [1st Dept 2010]; Matter of Weingrad, 196 AD2d 300 [1st Dept 1994], lv denied 83 NY2d 756 [1994], cert denied, 513 US 877 [1994]).
Accordingly, the AGC's motion should be granted to the extent of confirming the findings of fact and conclusions of law as found by the Referee and respondent's cross motion denied, and respondent should be suspended from the practice of law in the State of New York for a period of one year and until further order of this Court.
All concur.
Order filed. [July 30, 2020]
The Committee's motion is granted to the extent of confirming the findings of fact and conclusions of law as found by the Referee, Respondent's cross motion is denied, and respondent is suspended from the practice of law in the State of New York for a period of one year, effective August 31, 2020, and until further order of this Court.