Matter of Edelman (2025 NY Slip Op 04752)

Matter of Edelman

2025 NY Slip Op 04752

Decided on August 21, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 21, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. David Friedman
Justice Presiding

Motion No. 2025-02658, 2025-02743|Case No. 2022-02121|

[*1]In the Matter of Peter Franklin Edelman an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Peter Franklin Edelman (OCA Atty Reg. 1463793), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Peter Franklin Edelman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 26, 1972.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lipkansky, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Respondent Peter F. Edelman was admitted to the practice of law in the State of New York by the Second Judicial Department on April 26, 1972, under the name Peter Franklin Edelman. At all times relevant to this proceeding, respondent has maintained a registered address within the First Judicial Department.
In 2020, the Attorney Grievance Committee (AGC) commenced an investigation against respondent after the Lawyers' Fund for Client Protection advised that a $1,300 check issued from respondent's escrow account was returned for insufficient funds. In October 2021, the AGC advised respondent that it had completed its investigation and determined to issue him an Admonition for using his escrow account as a "de facto personal and business-operating account by leaving [] earned legal fees therein and paying [his] personal and business obligations directly from the escrow account" in violation of rule 1.15(b)(1) of the New York Rules of Professional Conduct (22 NYCRR 1200.0) and for failing to maintain a proper ledger for the account in violation of rules 1.15(d)(1)(i), (ii), and (2).
By Notice of Proposed Admonition, dated October 22, 2021, the AGC informed respondent that, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.7(d)(2)(v), he could request to appear before the AGC to seek reconsideration of the Proposed Admonition. On March 23, 2022, respondent appeared before the AGC. The AGC nonetheless formally issued the Admonition against respondent. In May 2022, respondent moved to vacate the Admonition pursuant to 22 NYCRR 1240.7(e)(2). By unpublished order, dated August 8, 2022, this Court granted the motion to the extent of vacating the Admonition and remanding the matter to the AGC for commencement of formal disciplinary proceedings pursuant to 22 NYCRR 1240.8.
In January 2023, the AGC filed a petition of charges based upon respondent's engagement in professional misconduct by maintaining his earned legal fees in an IOLA account and paying his personal and business obligations directly from that account, thus using the account as his de facto business and personal account in violation of rule 1.15(b)(1); by failing to maintain a ledger or similar record of disbursements and deposits for the IOLA account in violation of rules 1.15(d)(1)(i), (ii), and (2); and, as a result, engaging in "conduct that adversely reflects on [his] fitness as a lawyer" in violation of rule 8.4(h).
Pursuant to CPLR 404(a), respondent moved for dismissal of the charges and maintained, inter alia, that the Court had exonerated him by vacating the Admonition. The AGC opposed and requested that the Court sustain the charges and impose discipline or refer the matter for a sanction hearing. By unpublished order, dated July 14, 2023, this Court denied respondent's motion and held in abeyance the AGC's request pending receipt of respondent's answer thereto. Respondent was directed to serve and file his answer within 21 days from the date of service of the order.
In his answer, dated August 7, 2023, respondent denied the charges and maintained that this Court's unpublished order, dated August 8, 2022, vacating the Admonition warranted dismissal of the charges. By unpublished order, dated December 15, 2023, this Court appointed a Referee to conduct a hearing on the charges, issue a report making findings of fact and conclusions of law, and recommend such disciplinary sanction, if any, as may be appropriate.
On June 11, 2024, a hearing was conducted where respondent testified and introduced documentary evidence. From at least August 2019 through February 2020, respondent admittedly used his IOLA account to pay personal and business expenses from earned legal fees he left in his account. Respondent also failed to maintain all required bookkeeping records for his IOLA account. In addition to his previously asserted arguments, respondent maintained that the AGC had withdrawn the rule 8.4(h) charge and that he should not be found in violation of rule 1.15(b)(1) because rule 1.15(b)(4) allowed him to keep earned legal fees in his IOLA account. He also argued that by retaining the bank statements, canceled checks, and deposit slips, in conjunction with his monitoring the running balance of his IOLA account, he had fully complied with rules 1.15(d)(1)(i), (ii) and (2). By report, dated November 4, 2024, the Referee sustained all three charges.
On November 21, 2024, the Referee convened a sanction hearing at which respondent testified. In aggravation, the AGC introduced a January 9, 2003, Admonition issued to respondent for misconduct identical to that herein, namely that respondent was found to have improperly used his escrow account as his own personal account. He also twice commingled client or third-party funds with his personal funds. In mitigation, respondent maintained that his conduct did not result in harm to any client or third party, he cooperated with the AGC, his legal career has included pro bono work, and he is now retired from the practice of law. Respondent also cited that the AGC's initial decision was to impose private discipline rather than seek public discipline. By report, dated April 16, 2025, the Referee recommended that respondent be suspended for a period of not less than two years.
By motion dated May 6, 2025, respondent now requests, pursuant to 22 NYCRR § 603.8(t)(4), that the Referee's reports be disaffirmed and the petition of charges dismissed. He continues to maintain that this Court's unpublished order, dated August 8, 2022, granting his request for vacatur of the October 2021 Admonition issued to him barred the allegations currently against him. He also maintains that rule 1.15(b)(4) allows him to use his escrow account as a personal and business account and that his recordkeeping was fully compliant with rules 1.15(d)(1)(i), (ii), and (2). He also argues that the 2003 Admonition should not be considered herein.
By cross-motion dated May 12, 2025, the AGC opposes and requests, pursuant to 22 NYCRR 1240.8(b) and 603.8-a(t)(4), that the Court confirm the Referee's misconduct findings in full and suspend respondent for at least two months, or issue such sanction as the Court deems just and proper. The AGC maintains that the Referee's misconduct findings are firmly supported by the record and should be affirmed in full. It further contends that "respondent's lack of remorse is so palpable from his Motion to Disaffirm that it practically leaps from the pages."
The Referee's misconduct findings are firmly supported by the record and should be affirmed in full. Respondent's continued insistence that this Court's unpublished order, dated August 8, 2022, vacating the Admonition issued to him and referring this matter for a formal disciplinary proceeding precluded the AGC from charging him is based on a nonsensical reading of the order. Respondent's positions that rule 1.15(b)(4) bypasses rule 1.15(b)(1) and permitted him to use his escrow account as a personal and business account, along with his position that his recordkeeping was fully compliant with rules 1.15(d)(1)(i), (ii), and (2), are without merit.
However, we find that the Referee's recommendation of a suspension of not less than two years is excessive. This Court has imposed two-year suspensions where attorneys have misused their escrow accounts as personal accounts to shield their personal funds from creditors (see e.g. Matter of Harper, 192 AD3d 174 [1st Dept 2021]; Matter of Sieratzki, 186 AD3d 85 [1st Dept 2020]). There is no evidence in the record that respondent did so in this matter.
Respondent's continued misuse of his IOLA account as a personal and business account after having been issued the 2003 Admonition for the same misconduct, as well as his defiant attitude and lack of remorse before the Referee, warrants a three-month suspension (see Matter of Johannes, 66 AD3d 39 [1st Dept 2009]; Matter of Fong, 308 AD2d 19 [1st Dept 2003]).
Accordingly, we disaffirm the Referee's sanction recommendation of no less than a two-year suspension. The AGC's cross-motion should be granted to the extent of confirming the Referee's misconduct findings and suspending respondent from the practice of law for a period of three months, effective 30 days from the date of this order. We deny respondent's motion in its entirety.
All concur.
Wherefore, it is Ordered that respondent's motion is denied in its entirety; and
It is further Ordered that the Attorney Grievance Committee for the First Judicial Department's cross-motion to confirm the Referee's report and recommendation
is granted to the extent that the Referee's misconduct findings are confirmed, pursuant to 22 NYCRR 1240.8(b) and 603.8-a(t)(4), and respondent, Peter Franklin Edelman, is suspended from the practice of law for a period of three months, effective 30 days from the date of this order, and until further order of the Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of
suspension, respondent, Peter Franklin Edelman, is commanded to desist and refrain
from (1) the practice of law in any form, either as principal or agent, clerk or employee
of another, (2) appearing as an attorney or counselor-at-law before any court, Judge,
Justice, board, commission or other public authority, (3) giving to another an opinion as
to the law or its application or any advice in relation thereto, and (4) holding himself out
in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Peter Franklin Edelman, shall comply with the rules governing the conduct of disbarred or
suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Peter Franklin Edelman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: August 21, 2025