Matter of Caraco (2021 NY Slip Op 04953)





Matter of Caraco


2021 NY Slip Op 04953


Decided on September 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 9, 2021

PM-117-21
[*1]In the Matter of Thomas Carwin Caraco, an Attorney. (Attorney Registration No. 5291943.)

Calendar Date:July 26, 2021

Before:Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 2014. He is also admitted to practice in Florida and formerly practiced trademark law before the United States Patent and Trademark Office (hereinafter USPTO). By September 2019 order, the USTPO accepted respondent's resignation admitting that he, among other things, improperly permitted other persons to affix his signature to trademark applications. As a consequence, the USPTO's order excluded respondent upon his consent from further representation before it. Thereafter, by December 2020 order, the Supreme Court of Florida concluded that, as the result of his USPTO discipline, respondent, among other things, would be suspended, upon consent, from the practice of law in that state for a period of 90 days (Florida Bar v Caraco, 2020 WL 7400635 [2020]). To date, respondent remains so suspended in Florida.
Respondent failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of either the USPTO exclusion order or the suspension order in Florida, as is required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). AGC now moves to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of his misconduct before the USPTO that also resulted in discipline in Florida. Respondent has not appeared or responded to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." The consequence of respondent's failure to reply to AGC's motion is the waiver of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]).[FN1] Accordingly, we find the misconduct established and turn to the issue of the appropriate disciplinary sanction (see Matter of Bailey, 177 AD3d 1079, 1080 [2019]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Significantly, the record indicates that respondent appeared before both the USPTO and Florida disciplinary authorities and presented several factors in his favor. However, as a result of respondent's failure to participate in this proceeding, he has presented no similar mitigating factors for our consideration (see Matter of McSwiggan, 169 AD3d 1248, 1250 [2019]). Moreover, respondent's misconduct is further aggravated by his failure to advise this Court and AGC of the disciplinary orders issued by the USPTO and Florida (see Matter of Harmon, 191 AD3d 1149, 1152 [2021]; Matter of Hoines, 185 AD3d 1349, 1350 [2020]). Accordingly, upon careful consideration of the totality of the circumstances — including respondent's apparent indifference to his fate as an attorney in this state (see Matter of McSwiggan, 169 AD3d at 1250) and [*2]the fact that we are not bound to impose the same sanctions issued by other jurisdictions (see Matter of Powers, 176 AD3d 1468, 1470 [2019] — we grant AGC's motion and suspend respondent from the practice of law in this state for six months (see e.g. Matter of Hahn, 167 AD3d 1140, 1141 [2018]).
Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of six months, effective October 9, 2021, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that respondent's serious misconduct before the USPTO also constitutes professional misconduct in New York, as the rule violations that respondent chose not to contest in that jurisdiction are substantially similar to equivalent disciplinary rules in this state (see generally Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.1 [a]; 1.3 [a]; 1.4 [b]; 3.3 [a] [1], [3]; [b], [d]; 5.3 [a], [b] [1], [2] [ii]; 8.4 [c], [d], [h]).