Matter of Anderson (2022 NY Slip Op 04080)

Matter of Anderson

2022 NY Slip Op 04080

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

PM-112-22
[*1]In the Matter of Rosemarie Andrea Anderson, an Attorney. (Attorney Registration No. 3945912.)

Calendar Date:February 22, 2022

Before:Lynch, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Rosemarie Andrea Anderson, River Vale, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2001, having previously been admitted in New Jersey.[FN1] By October 2021 order, the Supreme Court of New Jersey disbarred respondent from the practice of law in that jurisdiction based upon findings that she, among other things, engaged in the knowing misappropriation of client funds, violated attorney record-keeping requirements and failed to correct a known misapprehension present in a disciplinary investigation (see Matter of Anderson, 248 NJ 576 [2021]).
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now accordingly moves to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon her established professional misconduct in New Jersey. Respondent's submission in opposition to the motion offers defenses to the imposition of discipline (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]) and presents various mitigating factors. AGC, by permission of this Court, has filed a reply affirmation.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Upon consideration of the facts, circumstances and documentation before us, we conclude that respondent's submission in opposition to the imposition of discipline in this state has not established any of the available defenses to AGC's motion. Our review of the record fails to support respondent's allegations that she was denied due process and that there was an infirmity of proof in the extensive New Jersey disciplinary proceedings, where she was represented by counsel and afforded a full disciplinary hearing before a Special Master and a de novo review by New Jersey's Disciplinary Review Board (hereinafter DRB). Significantly, the DRB's detailed findings of fact were accepted by the Supreme Court of New Jersey in rendering its decision (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [2]). Contrary to respondent's argument, we do not agree that the Special Master's exclusion of nonrelevant testimony deprived her of the opportunity to properly defend herself. To the extent that respondent also raises the remaining defense available on this motion, we note that she presents nothing that would support a conclusion that her conduct would not also be subject to discipline in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [3]).[FN2] Accordingly, we find that respondent's defenses to the motion are not persuasive and, therefore, her misconduct is deemed established (see Matter of Adams, 204 AD3d 1300, 1301 [2022]).
Turning our attention to the issue of the appropriate disciplinary sanction, we note initially that the permanent disbarment imposed by the Supreme Court of New Jersey [*2]was explicitly mandated as the result of precedent in that state calling for that sanction once a determination has been made that knowing misappropriation of client funds occurred, regardless of whether the intentional misappropriation arose from venal or larcenous motives (see Matter of Wilson, 81 NJ 451, 458-459 [1979]).[FN3]
In contrast, there is no policy in New York requiring automatic disbarment or a specific sanction upon a finding of knowing misappropriation or any other disciplinary rule violation.[FN4] Thus, upon our review of a disciplinary ruling by a foreign jurisdiction, "we are not bound by that decision in determining the proper sanction in this state" (Matter of Hoines, 185 AD3d 1349, 1350 [2020]).
In considering the appropriate sanction for respondent's sustained misconduct in New Jersey, it cannot be ignored that "[f]ew, if any, of an attorney's professional obligations are as crystal clear as the duty to safeguard client funds" (Matter of Galasso, 19 NY3d 688, 693 [2012]). Accordingly, the knowing misappropriation of client funds — even when not motivated by venality — is significant misconduct which, in respondent's case, is aggravated by, among other things, her repeated violation of mandated record-keeping requirements. Nonetheless, evidence that an attorney has not acted with venality or dishonesty can appropriately be considered a factor in mitigation (see id. at 694; see also ABA Standards for Imposing Lawyer Sanctions standard 9.32 [b]; 7 NY Jur 2d Attorneys at Law § 519). Moreover, we note the absence of proof of prior discipline on respondent's part (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]) and the fact that her improper misappropriation of funds involved only one client over a very short period of time, with all funds ultimately replaced with no apparent harm to the client (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [d]).[FN5] Respondent acknowledged the stress she was experiencing at the relevant time period due to the demands of her solo practice in New Jersey and her frequent trips abroad to handle legal matters out of the country. Respondent has also submitted numerous character letters by friends and colleagues, evidence of her meaningful volunteer work and provision of pro bono services on behalf of vulnerable persons in her community (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [g]). We have additionally considered respondent's sincere remorse for her misconduct and her attestation that she has learned from her past poor judgment (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]). Finally, it must also be noted that respondent has already been meted a significant sanction as the result of her permanent disbarment in her home jurisdiction of New Jersey (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [k]).
Given these circumstances, we conclude, in the exercise of our broad discretion, that a deviation from the Supreme [*3]Court of New Jersey's disciplinary sanction is warranted (see e.g. Matter of Spechler, 198 AD3d 1098, 1100 [2021]; Matter of Hoover, 196 AD3d 994, 995-996 [2021]; Matter of Hoines, 185 AD3d at 1350). Notably, suspension from practice has generally been considered an appropriate sanction in this state upon sustained allegations of commingling or misappropriation where "a lawyer knows or should know that he [or she] is dealing improperly with client property and causes injury or potential injury to a client" (ABA Standards for Imposing Lawyer Sanctions § 4.12; see Matter of Jew, 175 AD3d 812, 813 [2019]). Accordingly, upon review of the totality of respondent's established misconduct and the factors in mitigation, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), respondent should be suspended from the practice of law in this state for a period of one year (see Matter of Spinnell, 185 AD3d 1, 4 [2020], lv denied 36 NY3d 909 [2021]; Matter of Munzer, 261 AD2d 87, 90 [1999]; see also Matter of Mann, 284 AD2d 719, 720 [2001]).
Lynch, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
Lynch, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: In October 2016, respondent was also admitted to the practice of law in the country of Jamaica, West Indies.

Footnote 2: AGC points out that respondent's professional misconduct in New Jersey also constitutes professional misconduct in New York, inasmuch as the sustained rule violations are substantially similar or identical to Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a), (b), (c) (3), (d) and 8.4 (c).

Footnote 3:Respondent's claim that she only negligently or inadvertently misappropriated client funds due to, among other things, poor record-keeping practices was explicitly rejected by the Supreme Court of New Jersey (see generally Matter of Marks, 204 AD3d 129 [2022]).
Footnote 4: In New York, automatic disbarment only occurs in cases where an attorney is convicted of a felony in this state, or otherwise convicted of a crime in another jurisdiction that is an analogue New York felony (Judiciary Law § 90 [4] [a], [e]).

Footnote 5: While the DRB's findings noted the presence of mitigating factors, it does not appear that they were considered at length due to the mandated sanction of disbarment.