Matter of Sablone (2022 NY Slip Op 06983)

Matter of Sablone

2022 NY Slip Op 06983

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

PM-213-22
[*1]In the Matter of Jonathan Sablone, an Attorney. (Attorney Registration No.4448353.)

Calendar Date:August 29, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Emery, Celli, Brincherhoff, Abady, Ward & Maazel, LLP, New York City (Hal R. Lieberman of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2006 after his admission in his home state of Massachusetts in 1996. In May 2022, respondent was suspended from practice in Massachusetts for one year and a day by the Supreme Judicial Court of Suffolk County. Such discipline was imposed upon stipulated facts establishing that respondent had engaged in fraudulent conduct which also reflected adversely on his fitness as a lawyer (see Massachusetts Rules of Professional Conduct Rule 8.4 [c], [h]). Specifically, it was determined that, after personally purchasing a quantity of wine for a continuing legal education (hereinafter CLE) presentation he had organized, respondent thereafter obtained reimbursement for the full purchase price from both the CLE sponsor and his then-employer, a law firm, resulting in a windfall to respondent in the amount of $1,952.85. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause marked returnable August 29, 2022, to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division Third Department (22 NYCRR) § 806.13 as a consequence of his Massachusetts misconduct. In response to the motion, respondent has submitted materials in mitigation, asking this Court to order lenient discipline, or alternatively, the same discipline imposed in Massachusetts.
AGC contends that sanctioning respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 is appropriate based upon the suspension order entered against him in Massachusetts. In fact, AGC points out that respondent's professional misconduct in Massachusetts also constitutes professional misconduct in New York, inasmuch as the sustained rule violation there is identical to Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c) and (h).
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." In defense, an attorney may assert that the disciplinary proceedings in the foreign jurisdiction lacked due process; that there was an infirmity of proof establishing the misconduct; or that the alleged misconduct forming the basis of discipline in the foreign jurisdiction would not constitute misconduct in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Here, respondent does not assert any defenses to the imposition of discipline in this state, and similarly does not contest the Massachusetts disciplinary proceedings. As such, we grant AGC's motion (see Matter of Tobias, ___ AD3d ____, ____, 2022 NY Slip Op 06219, *2 [3d Dept 2022]; Matter of Matemu, 197 AD3d 1433, 1434 [3d Dept 2021]).
Turning to the issue of the appropriate disciplinary sanction, we are not obligated to impose the same [*2]sanction that was imposed by the foreign tribunal, but rather are charged with crafting a sanction that protects the public, maintains the honor and integrity of the profession and deters others from engaging in similar misconduct (see Matter of Yiheng Lou, 206 AD3d 1221, 1224 [3d Dept 2022]; Matter of Hoines, 185 AD3d 1349, 1350 [3d Dept 2020]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). While AGC seeks to have respondent's admittedly dishonest conduct be considered an aggravating factor, respondent notes that he did not act with dishonest intent, but rather that his actions were a result of distractions due to personal and health issues (see ABA Standards for Imposing Lawyer Sanctions standards 9.22 [c]). Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c) defines "conduct involving dishonesty, fraud, deceit or misrepresentation" as misconduct but, "[n]onetheless, evidence that an attorney has not acted with venality or dishonesty can appropriately be considered a factor in mitigation" (Matter of Anderson, 206 AD3d 1431, 1433 [3d Dept 2022]; see 7 NY Jur 2d Attorneys at Law § 519; ABA Standards for Imposing Lawyer Sanctions standard 9.32 [b]).
In addition, respondent cites various factors in mitigation, including his lack of prior discipline, his prompt reimbursement to his employer upon learning of the double payment, his full cooperation with the Massachusetts disciplinary proceeding (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a], [d], [e]), as well as the fact that no clients or client funds were implicated by this matter (see generally Matter of Anderson, 206 AD3d at 1434; compare ABA Standards for Imposing Lawyer Sanctions standard 4.12). Similarly, respondent supplied evidence of his overall character and reputation in the legal community, including his years of pro bono service and volunteer scholarly efforts (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [g]; see also Matter of Anderson, 206 AD3d at 1434).
In light of the mitigating factors presented by respondent, and also noting the seriousness of respondent's misconduct in Massachusetts, we conclude that a term of suspension is appropriate and that respondent should be suspended from the practice of law for one year and one day. Furthermore, we condition any future application by respondent for his reinstatement in this state upon proof that he has been fully reinstated to the practice of law in Massachusetts.
Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of one year and one day, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension[*3], respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).