Matter of Hogan (2023 NY Slip Op 05017)

Matter of Hogan

2023 NY Slip Op 05017

Decided on October 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 5, 2023

PM-227-23
[*1]In the Matter of John Michael Hogan III, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; John Michael Hogan III, Respondent. (Attorney Registration No. 2348951.)

Calendar Date:August 21, 2023

Before:Lynch, J.P., Clark, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Anderson, Moschetti & Taffany, Latham (Peter J. Moschetti Jr. of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1990 and previously practiced in Saratoga County. This Court suspended respondent from practice for a two-year term in October 2016 upon sustained charges that he had, among other misconduct, failed to properly communicate with a client or forward a client's requested files and had knowingly misled petitioner in its investigation of his conduct (Matter of Hogan, 143 AD3d 1044 [3d Dept 2016]). Respondent's ensuing application for reinstatement from such suspension was denied by July 2019 order of the Court (Matter of Hogan, 174 AD3d 1221 [3d Dept 2019]), and respondent remains so suspended to date.
Respondent now again seeks his reinstatement by motion initially returnable June 27, 2022 and petitioner opposes the motion by affirmation of counsel. Following our initial consideration, we referred the matter for hearing and report to a Character and Fitness subcommittee. In its report to this Court, a divided subcommittee has recommended respondent's reinstatement. Respondent was heard in response to the subcommittee report on May 22, 2023 and, in May 26, 2023 correspondence, petitioner continues to oppose respondent's reinstatement. Accordingly, respondent's application for reinstatement is now ripe for final determination by this Court.
Respondent's instant suspension stems from sustained charges that he failed to properly communicate with a client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4 [a] [1] [iii]; [3]; [b]), failed to forward a client's requested files (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [4]), knowingly misled and deceived petitioner in its investigation of respondent's conduct (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c], [d]), neglected various legal matters and appeals entrusted to him by separate clients (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]; 1.16 [b] [3]; 8.4 [d], [h]), failed to properly notify a client of his receipt of funds in which the client had an interest and failed to promptly remit those funds and render an appropriate accounting (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c] [1], [3], [4]), failed to obtain the required Surrogate's Court approval of a wrongful death settlement on behalf of a client (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d], [h]) and continued to hold funds of a missing client without attempting to locate the client or seeking a court order disbursing the funds to the Lawyer's Fund for Client Protection (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [f]).
An attorney seeking reinstatement from disciplinary suspension must satisfy certain procedural and substantive requirements in order to be entitled to reinstatement. Procedurally, and as relevant here, an attorney suspended for a term of greater than six months must submit a duly-sworn affidavit in the form provided in appendix C to the Rules for [*2]Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Additionally, the attorney must provide proof that, no more than one year prior to the date the application is filed, he or she has successfully completed the Multistate Professional Responsibility Exam (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Here, respondent has satisfied this procedural threshold and thus, we will focus our attention on the substantive evaluation of respondent's application.
To that end, the attorney must satisfy, by clear and convincing evidence, a three-part test to establish his or her entitlement to reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Specifically, the attorney must demonstrate compliance with this Court's suspension order, that he or she possesses the requisite character and fitness for the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1050 [3d Dept 2018]), and that his or her reinstatement is in the public interest — a balancing test which takes into consideration both the possible detriment to the community and any tangible public benefit which might be occasioned by the attorney's reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]).
Compliance with this Court's suspension order and Court rules is generally satisfied with proof that the attorney has not practiced law in New York during the suspension "and has successfully completed the client notifications and other measures dictated by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15" (Matter of Bruhn, 206 AD3d 1225, 1226 [3d Dept 2022]). Further, when an "affidavit of compliance which [a] respondent filed with this Court in the immediate wake of his [or her] suspension [is] deficient," the respondent may cure the deficiency with a supplemental filing and, provided that petitioner raises no issues as to this prong, the Court may conclude that the respondent was compliant (see id. at 1226-1227). Here, respondent has provided the Court with an affidavit attesting to his compliance and has further provided his tax returns which demonstrate same. Respondent's affidavit of compliance also explicitly affirms that while he did not send notice of his suspension to his clients, he had no clients or active cases when his suspension went into effect. As to his representations within his affidavit, respondent attested that "since the entry of the order of discipline, [he has] not defaulted in the performance or discharge of any obligation or duty imposed upon [him] by any court, and/or governmental or administrative agency." Given respondent's candor within his motion papers, we find that respondent has satisfied the requisite procedural obligations.
We also find that, based [*3]on his testimony before the subcommittee, his submissions to this Court and the subcommittee's report, respondent has demonstrated the requisite character and fitness to be reinstated to the practice of law. Respondent has taken full responsibility for the circumstances that led to his suspension. To this end, he notes he has created a support system including attorneys and judges that would serve as mentors to him should he be reinstated to the practice of law. He further states that, since the time of his suspension, he has been made a better person and points to his experiences as a volunteer for people with disabilities, among others.
We further find that respondent has demonstrated the public's interest in his reinstatement. Respondent has demonstrated that his reinstatement would benefit the public based on his plans to practice criminal law, mainly for the indigent. He also notes that when practicing, the public trusted him and that "it wasn't about dollar and cents all the time," but a relationship greater than that. Accordingly, we grant respondent's application for reinstatement but, given respondent's reinstatement plans and taking into account the circumstances that led to his suspension, we impose certain conditions on his return to the practice of law as provided for in this order (see Matter of Shmulsky, ___ AD3d ___, ___, 2023 NY Slip Op 04253, *2 [3d Dept 2023]). We first condition respondent's reinstatement upon the requirement that he not engage in the solo practice of law, open his own law practice or become partner in any law practice in the State of New York so long as the conditions of this order remain in effect. Further, the record reflects that respondent has a network of experienced lawyers that could serve as a mentor to respondent. As such, respondent shall propose to this Court within 30 days, in writing, on notice to petitioner, an attorney in good standing with no less than five years of practice in New York to serve as his qualified mentor. Upon this Court's written approval of the qualified mentor, respondent shall ensure that such mentor submit quarterly reports to this Court and petitioner commencing no later than January 1, 2024 and continuing for a period of two years from the date of this order, wherein the qualified mentor shall detail the services and consultations provided to respondent by said mentor in furtherance of respondent's resumption of the practice of law.
Lynch, J.P., Clark, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately; and it is further
ORDERED that respondent's reinstatement to the practice of law shall be subject to the conditions set forth in this decision; and it is further
ORDERED that respondent may move this Court to terminate the foregoing conditions after October 5, 2025.