Matter of Anderson (2024 NY Slip Op 01239)

Matter of Anderson

2024 NY Slip Op 01239

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

PM-34-24
[*1]In the Matter of Rosemarie Andrea Anderson, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner, Rosemarie Andrea Anderson, Respondent. (Attorney Registration No. 3945912.)

Calendar Date:December 11, 2023

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Rosemarie Andrea Anderson, River Vale, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2001 following her 2000 admission in her home state of New Jersey. By October 2021 order, however, respondent was disbarred by the Supreme Court of New Jersey upon sustained findings of, among other things, her knowing misappropriation of client funds (Matter of Anderson, 248 NJ 576 [2021]).[FN1] The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) therefore moved to impose discipline upon respondent in New York as a consequence of her New Jersey misconduct. We ultimately granted AGC's motion and suspended respondent for a one-year term by June 23, 2022 order (Matter of Anderson, 206 AD3d 1431 [3d Dept 2022]). Respondent now moves for her reinstatement by motion, and AGC's correspondence reveals that it does not oppose her motion and otherwise defers to our discretion.[FN2] Respondent thereafter filed an amended affidavit with exhibits.
An attorney seeking reinstatement from disciplinary suspension must satisfy certain procedural and substantive requirements in order to be entitled to reinstatement (see Matter of Hogan, 220 AD3d 998, 999 [3d Dept 2023]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]).[FN3] As to the substantive requirements, an attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, that he or she has complied with the order of suspension and this Court's rules, that he or she has the requisite character and fitness to practice law, and that reinstatement would be in the public's interest (see Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]).
The record before us reveals that respondent is current in her attorney registration requirements (see Judiciary Law § 468-a [4]), and that she timely filed an affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15 [f]; Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix B) with this Court following her suspension, wherein she avers, among other things, that she has complied with all relevant provisions of the Judiciary Law and discontinued all attorney advertising in this state. In her reinstatement materials, respondent avers that she has not practiced law during the instant suspension, except for two matters pending in Jamaica, where she is also admitted to practice. She further alleges that, since her suspension, she has been self-employed in nonlegal roles and has engaged in educational pursuits. In light of the foregoing, we find that respondent has demonstrated by clear and convincing evidence her compliance with the order of suspension and the rules governing the conduct of suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [3d Dept 2021]).
We also conclude that respondent possesses the requisite character and fitness to be reinstated to the practice of law. Her submissions reveal [*2]that she has not been disciplined in New York, or elsewhere, since the suspension in this state.[FN4] Respondent contends that the New Jersey disbarment and subsequent discipline in this state has prompted her to utilize extra care when working with finances, averring that the errors that led to her disbarment in New Jersey will not occur again. Respondent denies that she has been the subject of any lawsuits, unsatisfied judgments, defaults, governmental investigations or bankruptcies since her suspension, and further avers to her satisfaction of all tax filing requirements. While respondent discloses a potential outstanding debt and parking tickets arising during her suspension, the record, overall, does not give rise to significant concerns regarding her character and fitness (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Gang], 211 AD3d 1450, 1451-1452 [3d Dept 2022]).
Finally, we conclude that respondent's reinstatement is in the public interest. In addition to her professional and educational pursuits, respondent has provided several letters of support from legal practitioners, who speak highly of respondent notwithstanding the disciplinary proceedings both in New Jersey and in this state, and further aver that her reinstatement would greatly serve the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [3d Dept 2017]). Based on the foregoing, we grant respondent's motion for reinstatement.
Aarons, J.P., Pritzker, Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Respondent's disbarment in New Jersey is permanent pursuant to statute (see New Jersey Rules of Court rule 1:20-15A [a] [1]).
Footnote 2: The Lawyers' Fund for Client Protection indicates that there are no open claims against respondent and similarly defers to our discretion as to the disposition of respondent's reinstatement.
Footnote 3: Respondent has satisfied the requisite procedural obligations, as she submitted a duly-sworn affidavit in the form of Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C, along with proof that she successfully passed the Multistate Professional Responsibility Examination within the year prior to making her application for reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [b]).

Footnote 4: We note that, while the record reflects that she is currently in good standing in Jamaica, respondent discloses a pending disciplinary matter against her in that jurisdiction based on the aforementioned New Jersey misconduct which gave rise to her disbarment and her suspension by this Court.