Matter of Swayze (2024 NY Slip Op 04181)

Matter of Swayze

2024 NY Slip Op 04181

Decided on August 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 8, 2024

PM-162-24
[*1]In the Matter of Wilson Daniel Swayze Jr., an Attorney. (Attorney Registration No. 2280444.)

Calendar Date:June 24, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Lynch and Powers, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Nikolas S. Tamburello of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Wilson Daniel Swayze Jr., Plano, Texas, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1989 and was later registered with the US Patent and Trade Office (hereinafter USPTO) as a patent attorney in 1990; he maintains a law office in Texas but does not appear to be admitted in that jurisdiction. In August 2023, respondent was suspended by the USPTO for a period of 90 days with 12 months of probation immediately following any reinstatement, after having been found to have violated several rules thereof, including failing to provide competent representation to a patent client and failing to act with reasonable diligence and promptness in representing a client, among other misconduct (see 37 CFR 11.101; 11.103; 11.104 [a] [3], [4]; [b]; 11.804 [c], [d]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline in this state due to respondent's misconduct before the USPTO (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent opposes AGC's motion and argues that no additional discipline should be imposed by this Court.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), we may discipline an attorney for misconduct committed in a foreign jurisdiction (see Matter of Caraco, 197 AD3d 1391, 1392 [3d Dept 2021]), and, in defense, an attorney may assert three defenses (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Here, respondent has not asserted any of the enumerated defenses in his papers, and it is noted that he was disciplined by the USPTO following a hearing, wherein he was able to present evidence before an Administrative Law Judge. The USPTO Rules of Professional Conduct that respondent was found to have violated, as AGC points out, have similar, if not identical, analogues to this state's Rules of Professional Conduct (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.1 [a]; 1.3 [a]; 1.4 [a] [3], [4]; [b]; 8.4 [c], [d]) and we have previously imposed discipline on attorneys who have violated the USPTO Rules of Professional Conduct, including for similar conduct as is implicated in this matter (see e.g. Matter of Yiheng Lou, 206 AD3d 1221 [3d Dept 2022]). As such, we deem respondent's misconduct established and turn to the appropriate disciplinary sanction (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
We are not obligated to impose the same sanction that was imposed by the foreign tribunal but, rather, we are tasked with crafting a sanction that protects the public, maintains the honor and integrity of the profession and deters others from engaging in similar misconduct (see Matter of Sablone, 211 AD3d 1226, 1227 [3d Dept 2022]). While respondent asserts that he has never practiced in New York, given his focus on the areas of patents and trademarks, the record does not demonstrate that he is admitted in any other jurisdictions; thus, he is seemingly practicing before the USPTO [*2]on the strength of his New York law license. As the "paramount licensing authority for those nonresident individuals - like respondent - whose ability to practice federal law is entirely derived from, and contingent upon, their admission to practice by this Court," we have an overriding interest in ensuring that attorneys like respondent comport with all applicable rules and engage in the ethical practice of law regardless of where in this country their law offices are located (Matter of Yiheng Lou, 206 AD3d at 1224).
While AGC cites respondent's prior disciplinary history as an aggravating factor, among others, we note that the Administrative Law Judge's decision and order specifically found that, while respondent was the subject of two prior written warnings by the USPTO's Office of Enrollment and Discipline, such warnings do not constitute discipline under the applicable regulation (see 37 CFR 11.21). As these warnings are more akin to this jurisdiction's letter of advisement, which is not a form of discipline (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.2 [i]), the warning letters may not serve to aggravate respondent's conduct as a prior disciplinary history (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [d] [2] [iv]). Nonetheless, the warning letters, like letters of advisement, may still be taken under consideration, inasmuch as such letters may reveal patterns of behavior and serve to put an attorney on notice of the acceptability of his or her conduct. AGC further cites in aggravation respondent's refusal to acknowledge the wrongful nature of his conduct and his substantial experience in the practice of law (see ABA Standards of Imposing Lawyer Sanctions standard 9.22 [g], [i]). In mitigation, respondent notes, among other things, that, while the suspension before the USPTO was only for 90 days, he remains so suspended, largely due to significant costs and fees that must be paid before he may seek reinstatement before the USPTO (see ABA Standards of Imposing Lawyer Sanctions standard 9.32 [k]). He also cites his long career in the field of patents and trademarks, where he has successfully secured many patents for clients (see ABA Standards of Imposing Lawyer Sanctions standard 9.32 [g]).
While it is readily apparent that the client-attorney relationship between respondent and the client became strained and was often difficult, the record reveals that respondent often took action without the client's approval or without fully providing information to allow the client to make an informed decision. As such, in considering the totality of the circumstances, we suspend respondent for a period of 90 days (compare Matter of Caraco, 197 AD3d at 1393, with Matter of D'Amico, 166 AD3d 1375, 1376 [3d Dept 2018]).
Egan Jr., J.P., Clark, Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that [*3]respondent is suspended from the practice of law for a period of 90 days, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).