Matter of Matos (2025 NY Slip Op 06257)

Matter of Matos

2025 NY Slip Op 06257

Decided on November 13, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice

Motion No. 2025-04303|Case No. 2025-02985|

[*1]In the Matter of Anthony Matos an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Anthony Matos (OCA Atty Reg. 5470307), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Anthony Matos, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 24, 2016.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Louis J. Bara, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Respondent Anthony Matos was admitted to the practice of law in the State of New York by the First Judicial Department on October 24, 2016. At all times relevant to this proceeding, respondent maintained an office for the practice of law in the First Judicial Department.
By order dated March 6, 2025, the United States Patent and Trademark Office (USPTO) issued a public reprimand against respondent. Respondent did not report his public reprimand as required by the Rules for Attorney Disciplinary Matters (NYCRR) § 1240.13(d).
Respondent's public reprimand stemmed from the following undisputed facts. Respondent represented the owner of a registered trademark before the USPTO's Trademark Trial and Appeal Board (TTAB) in a Cancellation Proceeding. On September 17, 2023, respondent filed a trial brief in the proceeding and in support of the brief, cited and purported to quote from three matters: Starbucks U.S. Brands, LLC v Ruben, 78 USPQ2d 1741 (TTAB 2006); E.J. Brach Corp. v Gilbert/Robinson, Inc., 185 USPQ 597 (TTAB 1975); and Cunningham v Laser Golf Corp., 55 USPQ 1842 (TTAB 2000). The opposing party filed a rebuttal brief alleging that respondent's brief quoted from cases that do not contain the purported quotes and cited cases for propositions that they do not hold. On December 13, 2023, the TTAB held a hearing on the matter. At the hearing, respondent admitted that he found the cases by searching the internet and reading blog posts and articles, but he did not read the cases before relying on them in his brief. Respondent also admitted that he used artificial intelligence (AI) to learn about the mechanics of TTAB proceedings but denied using it for legal research.
On February 7, 2024, the TTAB issued a "non-precedential Opinion in the Cancellation Proceeding" in which it found that the case law cited by respondent was either nonexistent, misquoted, or did not support respondent's arguments.
As a result of the TTAB's findings, respondent and the USPTO Director of the Office of Enrollment and Discipline (OED Director) entered into a Settlement Agreement in which respondent admitted that his actions violated 37 CFR 11.101, 11.103, 11.301, 11.804(c), and 11.804(d), of the USPTO Rules of Professional Conduct. Respondent was issued a public reprimand and was required to attend two hours of Continuing Legal Education on the topic of generative AI in legal practice.
The Attorney Grievance Committee (AGC) now moves for an order, pursuant to 22 NYCRR 1240.13(d) and Judiciary Law § 90(2), finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in the UPSTO, and imposing a public censure, or issuing such discipline as the Court deems just and proper.
Respondent opposes and asks this Court not to impose discipline, or in the alternative, to impose a public censure. He admits that he "was afforded due process in the USPTO proceeding" and "does not raise an infirmity-of-proof defense." However, respondent argues that the misconduct at issue "arose from [his] inexperience . . . reliance on secondary sources," and "failure to independently verify certain citations." He argues that his misconduct did not involve "intentional deceit or knowing misrepresentation," and as such, "the conduct does not rise to the same level of professional misconduct in New York." Respondent further notes that he has no prior disciplinary record and "[o]ut of necessity, I accepted the proposed settlement quickly to avoid protracted proceedings while managing my family member's care." Respondent also notes that the TTAB denied the cancellation petition, that no clients suffered harm or prejudice as a result of his misconduct, he cooperated with the OED and completed the CLE on generative AI in legal practice, and "adopted stricter research protocols."
As an initial matter, we find that the USPTO meets the definition of a foreign jurisdiction for purposes of imposing reciprocal discipline under 22 NYCRR § 1240.2(h) (see Matter of Swayze, 230 AD3d 906 [3d Dept 2024]; Matter of Yiheng Lou, 206 AD3d 1221 [3d Dept 2022]; Matter of Whitney, 202 AD3d 99 [4th Dept 2021]; Matter of Caraco, 197 AD3d 1391 [3d Dept 2021]).
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13,respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
None of the enumerated defenses are available here. Respondent was on notice of the misconduct allegations at issue and entered into a Settlement Agreement in which he admitted engaging in misconduct in violation of 37 CFR 11.101, 11.103, 11.301, 11.804(c), and 11.804(d) of the USPTO Rules of Professional Conduct. Further, respondent's misconduct violated rules 1.1(a), 1.3(a), 8.4(c), and 8.4(d) of the New York Rules of Professional Conduct (22 NYCRR 1200.0), which are substantially similar to the USPTO rules.
With respect to the sanction, as a general rule this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Only rarely does this Court depart from the general rule (see Matter of Karambelas, 203 AD3d 75 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89 [1st Dept 2018]).
We find that public censure, as requested by the AGC, is the appropriate reciprocal discipline in this matter as it is commensurate with the public reprimand issued by the USPTO and in accord with this Court's precedent involving comparable conduct (Matter of Hsu, 104 AD3d 138 [1st Dept 2013]).
Accordingly, the AGC's motion should be granted, and a public censure imposed.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13(d), predicated upon similar discipline imposed by the USPTO, is granted, and respondent, Anthony Matos, is publicly censured.
Entered: November 13, 2025