Matter of Bradley (2026 NY Slip Op 00046)

Matter of Bradley

2026 NY Slip Op 00046

Decided on January 8, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 8, 2026

PM-01-26
[*1]In the Matter of Garrett James Bradley, an Attorney. (Attorney Registration No. 4297263.)

Calendar Date:December 22, 2025

Before:Garry, P.J., Ceresia, Fisher, Mackey and Corcoran, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Cassidy V. Milam of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Frankfurt Kurnit Klein and Selz, PC, New York City (Tyler Maulsby of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2005, following his admission in Massachusetts in 1995. In April 2025, respondent was suspended from practice in Massachusetts for a 30-day term by the Supreme Judicial Court for Suffolk County, with that court ultimately concluding that respondent had acted negligently and had violated several Rules of Professional Conduct (see Massachusetts Rules of Prof Conduct rules 1.3; 3.3 [d]; 3.4 [c]; 8.4 [d], [h]; see also Fed Rules Civ Pro rule 11 [b]) in executing a declaration concerning counsel fees following the settlement of a matter. Respondent was reinstated in Massachusetts in June 2025 following his suspension and passage of the Multistate Professional Responsibility Exam, a requirement which was imposed by the Supreme Judicial Court for Suffolk County. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now therefore moves to impose discipline upon respondent in this state as consequence of his adjudicated misconduct in Massachusetts (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent was heard in response by an affirmation and memorandum of law in opposition.
We may discipline an attorney for misconduct committed in a foreign jurisdiction and, in defense, the attorney may assert that the procedure in the foreign jurisdiction lacked due process, that there was an infirmity of proof establishing the misconduct or that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in New York (see Matter of Chang, 232 AD3d 1197, 1197-1198 [3d Dept 2024]). In his opposition papers, respondent has not raised any of the defenses provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), and instead acknowledges the misconduct as established in the Massachusetts disciplinary proceeding and seeks to provide the Court with factors in mitigation. Accordingly, we conclude that, inasmuch as respondent's submissions do not contest the misconduct as established in the Massachusetts disciplinary proceeding, we grant AGC's motion and next consider the discipline to be imposed (see e.g. Matter of Sablone, 211 AD3d 1226, 1227 [3d Dept 2022]; Matter of Zankowski, 208 AD3d 1495, 1496 [3d Dept 2022]).[FN1]
We are not obligated to impose the same sanction imposed by the foreign jurisdiction (see Matter of Kashani, 232 AD3d 1105, 1108 [3d Dept 2024]), but rather are charged with crafting a sanction that protects the public, maintains the honor and integrity of the profession and deters others from engaging in similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). AGC's only aggravating factor includes respondent's substantial experience in the practice of law (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i]). The bulk of respondent's submissions concern factors in mitigation, including, among [*2]other facts, respondent's expressed remorse and his acknowledgement of the wrongfulness of his conduct, a lack of selfish or dishonest motive in his actions, his lack of disciplinary history in both Massachusetts and New York prior to his suspension in Massachusetts and his prior career in public service for more than 15 years (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a], [b], [g], [k], [l]). We likewise acknowledge that respondent provided timely notice of his Massachusetts suspension to both this Court and AGC, as was required (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]). Based on the foregoing, we censure respondent (see e.g. Matter of Convisser, 240 AD3d 1122 [3d Dept 2025]; Matter of Heath, 234 AD3d 1239 [3d Dept 2025]).
Garry, P.J., Ceresia, Fisher, Mackey and Corcoran, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.

Footnotes

Footnote 1: We note that respondent's Massachusetts misconduct, if committed in this state, would likewise constitute violations of the Rules of Professional Conduct, as New York's rules are substantially similar, if not identical, to the implicated Massachusetts rules (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.3 [a]; 3.3 [d]; 3.4 [c]; 8.4 [d], [h]). We likewise note that the record before us demonstrates that the Massachusetts disciplinary proceeding provided respondent with notice and an opportunity to be heard, as evidenced by the disciplinary hearing where he was able to testify and present evidence (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]).